UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONNA B.,[1]

                                                Plaintiff,        Case # 20-CV-1422-FPG

v.                                                                DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                                              Defendant.
_____

## INTRODUCTION

Plaintiff Donna B. protectively applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") on or about June 21, 2017, alleging disability beginning November 12, 2016. Tr.[2] 88, 145-51. After the Social Security Administration ("SSA") denied her claim, Tr. 89-93, Plaintiff appeared, with counsel, at a hearing on May 30, 2019, before Administrative Law Judge Mary Mattimore (the "ALJ"). Tr. 35-75. Plaintiff and a vocational expert testified, and Plaintiff requested a closed period of disability benefits from November 12, 2016 to November 30, 2018. Tr. 37-38. On June 20, 2019, the ALJ issued an unfavorable decision. Tr. 10-24. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 13. Plaintiff filed a reply. ECF No. 14. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further proceedings.

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security decisions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only Plaintiff's first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 10.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

1

**LEGAL STANDARD**

I. **District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

II. **Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of his or her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1520, 416.920.

**DISCUSSION**

**I.     The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in gainful activity since November 12, 2016, the alleged onset date. Tr. 12. At step two, the ALJ found that Plaintiff had the following severe impairments: cervicalgia, status-post motor vehicle accident; migraine headaches; partial vertebrectomy and left-sided foraminotomies; cervical radiculopathy; other spondylosis with radiculopathy, cervical region; bilateral carpal tunnel; right knee bursitis; persistent depressive disorder with panic attacks; and rule out specific learning disorder. Tr. 12-13. The ALJ determined that Plaintiff's hypothyroidism, hyperlipidemia, hypertension, and opioid dependence in remission were non-severe. Tr. 13.

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 13-15. Next, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that she can frequently finger and climb ramps and stairs but not ladders, ropes or scaffolds and can occasionally kneel, crouch, crawl, reach overhead bilaterally, and push and pull bilaterally. Plaintiff can work in a moderate noise environment but have no exposure to concentrated fumes, odors, dust, gases, or other irritants, and no temperature extremes or vibrations. Further, Plaintiff can perform simple work with one to two step tasks, make simple workplace decisions, and tolerate minimal changes in workplace settings and processes, but she cannot work with strict production quotas. Tr. 15-22.

At step four, the ALJ found that Plaintiff would be unable to perform any past relevant work. Tr. 22. At step five, the ALJ determined that there were jobs in the national economy that

Plaintiff could perform and, therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 23-24.

**II.     Analysis**

Plaintiff argues that the ALJ failed to properly evaluate the impact of Plaintiff's migraine headaches on her ability to work.  The Court agrees.

It is well-settled that

> [t]he Social Security regulations require a two-step process for the ALJ to consider the extent to which subjective evidence of symptoms can reasonably be accepted as consistent with the medical and other objective evidence. *Brownell v. Comm'r of Soc. Sec.,* No. 1:05-CV-0588 (NPM/VEB), 2009 WL 5214948, at *3 (N.D.N.Y. Dec. 28, 2009).  First, the ALJ considers whether the medical evidence shows any impairment "which could reasonably be expected to produce the pain or other symptoms alleged. . . ." 20 C.F.R. § 404.1529(a).  Second, if an impairment is shown, the ALJ must evaluate the "intensity, persistence, or functionally limiting effects" of a claimant's symptoms to determine the extent to which they limit the claimant's capacity to work.  20 C.F.R. § 404.1529(b).  When the objective medical evidence alone does not substantiate the claimant's alleged symptoms, the ALJ must assess the credibility of the claimant's statements considering the details of the case record as a whole.  20 C.F.R. § 404.1529(c)(3)(i)-(vii).

*Camille v. Colvin*, 104 F. Supp. 3d 329, 344 (W.D.N.Y. 2015).

Here, although the ALJ acknowledged at step two that Plaintiff's migraine headaches were a severe impairment, Tr. 12, the ALJ did not evaluate—let alone properly evaluate—the effect of those migraines on Plaintiff's capacity to work.  Indeed, aside from recognizing that Plaintiff "also had migraines," Tr. 16, the ALJ made no mention in the RFC analysis of Plaintiff's migraines or how they may limit her functioning.

Plaintiff's own testimony suggests that her migraines would cause her to be off-task or absent for a significant portion of the workweek.  Plaintiff testified at the hearing that she had four migraines per week.  Tr. 51.  Plaintiff indicated that the migraines were triggered by her activities—lifting something or even "[s]leeping the wrong way" could bring about a migraine that

4

would, according to Plaintiff, "last all day." Tr. 51, 63. Medication did not provide any relief from her symptoms. Tr. 63. Despite Plaintiff's testimony, the ALJ did not address the implications of Plaintiff's migraines on her ability to work, nor did she include any off-task time or absences in the RFC. As a result, it is unclear whether the ALJ considered the limiting effects of Plaintiff's migraines on her capacity to work, as required under 20 C.F.R. § 404.1529. 20 C.F.R. § 404.1529(a) ("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. We will consider all of your statements about your symptoms, such as pain, and any description your medical sources or nonmedical sources may provide about how the symptoms affect your activities of daily living and your ability to work.").

The Commissioner argues, *post hoc*, that the ALJ appropriately considered Plaintiff's headaches when formulating the RFC by limiting Plaintiff to moderate noise and no exposure to fumes, dust, odors, and gases. ECF No. 13-1 at 8; *see Kevin B. v. Comm'r of Soc. Sec.*, No. 19-CV-844-FPG, 2021 WL 1102997, at *3 (W.D.N.Y. Feb. 9, 2021) ("The Court declines to engage with this argument in depth because it relies on the Commissioner's post hoc rationalizations."). The Commissioner assumes that the ALJ intentionally credited and incorporated some of Plaintiff's allegations regarding the limitations caused by her migraines, but not others. There is no support for that conclusion. Even assuming the ALJ intentionally adopted certain limitations and not others to account for Plaintiff's migraines—rather than to account for some other severe impairment—the decision provides no analysis setting forth the ALJ's rationale for doing so.

The Commissioner also argues that the record does not support Plaintiff's testimony that her migraines would cause her to be incapacitated four days a week. ECF No. 13-1 at 8. Again, this is an improper *post hoc* rationalization that is absent from the ALJ's decision. To be sure, the

medical opinions in the record do not address Plaintiff's inability to work uninterrupted. But, to the extent the ALJ intentionally discredited Plaintiff's testimony regarding the effects of her debilitating migraines, the ALJ never provided *any* reasons supporting that decision.

The ALJ's error is not harmless. The vocational expert testified that Plaintiff could miss, at most, two days per month. Tr. 72-73. Had the ALJ credited Plaintiff's testimony that she would be absent four times per week, she would miss approximately 16 days of work per month, rendering her disabled.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings, ECF No. 12, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 13, is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this Decision and Order, pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 30, 2021
    Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York